CLAY E. RUSSELL,

          Plaintiff,

-vs-                             Case No. 07-C-621

MPD DETECTIVES DALE DEVEREAUX,
RONALD LAUREL,
ANDREW DEPTULA and
I.D. TECHNICIAN SYLVIA FILAPEK,

          Defendants.

## ORDER

Plaintiff, Clay E. Russell, a Wisconsin state prisoner, lodged a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.[1] By order of September 24, 2007, the plaintiff was allowed to proceed *in forma pauperis* on his Fourth Amendment unlawful search and arrest and false imprisonment claims against the above named defendants, but it was also determined that plaintiff had failed to state a claim for harassment or defamation against defendants Deptula and Devereaux under § 1983. The court then stayed the action pending the outcome of plaintiff's underlying criminal case.

---

[1] The complaint was verified in accordance with 28 U.S.C. § 1746.

To date, the plaintiff has not updated the court on the status of the underlying criminal case nor has he sought leave to lift the stay in this case. Nevertheless, the court's own research reveals that his criminal case is now closed and plaintiff has been sentenced after a jury found him guilty of burglary under Wis. Stat. § 943.10(1m)(a), on December 5, 2007. *See State of Wisconsin v. Clay E. Russell*, 2006 CF 002226. Thus, the court will *sua sponte* lift the stay in this case.

The file reveals that the plaintiff has filed a proposed amended complaint in this case as well as a motion to appoint counsel. Both matters will be addressed below.

**I. Proposed Amended Complaint**

A review of the proposed amended complaint reveals that the plaintiff seeks to add additional claims for damages against the original defendants and to add new claims against new defendants. Thus, the plaintiff is seeking to alter the original pleading prior to the defendants filing an answer in this case. Under Rule 15(a), Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Hence, the court will construe the plaintiff's proposed amended complaint as a request to amend the complaint.

2

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, there is no indication that the plaintiff is acting with bad faith or a dilatory motive. As of the date of this order, none of the defendants has been served with the original complaint much less filed an answer to that pleading. On the other hand, a plaintiff will not be allowed to amend his complaint if such amendments would be futile. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. *Id.* Therefore, the amended complaint must next be screened pursuant to 28 U.S.C. § 1915A(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

3

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of

4

course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Claims Against Original Defendants**

In its order of September 24, 2006, the court determined that the allegations of plaintiff's original complaint were sufficient to state unlawful search and arrest and false imprisonment claims under the Fourth Amendment against defendants "Laurel," Filapek, Devereaux and Deptula.[2] Specifically, the court found that plaintiff had alleged that his "arrest was based on false DNA test results created by defendants [Laura] and Filapek" and that he had alleged that "defendants Devereaux and Deptula searched his car without a warrant." *Russell v. Devereaux, et al.*, 07-C-621 at 7 (Sept. 24, 2007) (Docket No. 9). The court's reading of the plaintiff's amended complaint reveals that the proposed amended

---

[2] The court notes that the proposed amended complaint changes the name of defendant Ronald "Laurel" to Ronald "Laura" and broadens the requests for monetary damages against the original defendants to include nominal damages and a request for compensatory, punitive and nominal damages against defendant Laura that had been inadvertently omitted from the original complaint. These amendments will be permitted.

5

pleading does not substantially alter the allegations against these defendants. Thus, the plaintiff will be allowed to proceed against them on his Fourth Amendment claims for the reasons stated in the court's order of September 24, 2007. By the same token, the plaintiff's claim that defendants Devereaux and Deptula repeatedly harassed him and defamed his character after charges relating to a burglary at the United Way continues to be legally without merit. The plaintiff realleges in his amended complaint that the harassment and defamation by defendants Devereaux and Deptula included improperly searching his car, verbally harassing him, following the plaintiff in an unmarked car through his neighborhood and informing plaintiff's friends that he was wanted by the police and was dangerous. (Amended Complaint at 8-11.)[3] As the court recognized in the order of September 24, 2007, while the defendants' conduct may have been unprofessional, it does not violate the plaintiff's constitutional rights. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *see also Mallory v. Winchester*, No. 06-CV-136, 2006 WL 3714838, at *2 (N.D. Ind. Dec. 12, 2006)(citing *DeWalt* to find that verbal harassment by prison officials did not violate plaintiff's first amendment rights). Slander and defamation are also not actionable under a constitutional tort theory. *Hernandez v. Joliet Police Dep't*,

---

[3] The amended complaint, is thirty-four pages long. In the interest of simplicity, the court will refer to the complaint as it is numbered in the Electronic Case Filing (ECF) system (rather than how plaintiff has it numbered) with the first page of the complaint being number 1 and the last page of the complaint being number 34.

6

197 F.3d 256, 262 (7th Cir.1999) (citing *Paul v. Davis*, 424 U.S. 693, 702 (1976)). There is "no constitutional doctrine converting every defamation by a public official into a deprivation of liberty...." *Paul*, 424 U.S. at 702; *see also Batagiannis v. West Lafayette Community School*, 454 F.3d 738, 742 (7th Cir. 2006).

Moreover, as noted in the order of September 24, 2007, this court is required to analyze the plaintiff's allegations under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Here, the salient claims regarding the search and arrest of the plaintiff arise under the Fourth Amendment. Accordingly, plaintiff's amended complaint fails to state a claim for harassment or defamation under § 1983.

**B. New Claims Against New Defendants**

The plaintiff also seeks to add three new defendants to this action: Milwaukee County Judge Daniel Konkol, Assistant District Attorney (ADA) Phillip Areiff and Attorney Lori Kuehn. He maintains that each of these defendants deprived him of his constitutional rights and they conspired to deprive him of his procedural due process rights in connection with his criminal proceedings in state court. As a result, he seeks compensatory, punitive and nominal damages against them. Specifically, plaintiff states that during his criminal proceedings, his due process rights and his right to a speedy trial were violated when Judge Konkol denied his motion for a continuance which had been requested because ADA Areiff had not given him all of the discovery material. (Amended Complaint at 13-14.) He further

7

maintains that his court appointed attorney, Lori Kuehn, was ineffective and refused to file motions that he had instructed her to file, and that Judge Konkol denied his requests to have her removed as his attorney. *Id.* at 14. Finally, he makes the following assertions:

> Judge Daniel Konkol is conspiring with Assistant District Attorney Phillip Areiff, and Attorney Lori Kuehn to cover up for Det. Ronald Laura's "Prior Bad Acts" by not dismissing count 2 of criminal complaint along with count 1 were [sic] Det. Laura's "Bad Acts" were exposed by falsifing [sic] Police reports and D.N.A. crime Lab reports. Also violating Plaintiff [sic] Due Process rights for not producing requested evidence, police reports, videotapes, and chain of custody of evidence handling.

*Id.* at 17.

The problem with plaintiff's claims against Judge Konkol and ADA Areiff is that such claims involve judicial or prosecutorial actions, so those defendants are absolutely immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir.1985) (a party's remedy for judicial errors due to inadvertence or otherwise is through appellate process); *Imbler v. Pachtman*, 424 U.S. 409, 428-32 (1976); Pierson v. Ray, 386 U.S. 547, 554-56 (1967) (holding prosecutors enjoy absolure immunity for activities that are "intimately associated" with the judicial process); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). Thus, defendants Judge Konkol and ADA Areiff will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii).

8

It is unclear whether attorney Kuehn is a public defender or whether she was personally retained by plaintiff to represent him in his criminal proceedings. Nevertheless, private citizens and public defenders do not generally act "under color of state law" as required to maintain an action under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (the courts are in agreement that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983); *Logan v. Laterzo*, 2001 WL 1497777 (7th Cir. 2001) (unpublished). However, a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. *Proffitt v. Ridgeway*, 279 F.3d 503, 507 (7th Cir. 2002); *see also Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004)(a private defendant acts under color of state law when he is a willful participant in joint action with the state or its agents). At this point in the proceedings, plaintiff has alleged facts which arguably suggest that attorney Kuehn acted under color of state law in so far as she conspired with state actors (Judge Konkol and ADA Areiff) to deprive plaintiff of his constitutional right to due process in connection with his criminal proceedings. Thus, plaintiff will be allowed to proceed against attorney Kuehn on this claim.[4]

---

[4] The court notes that his claim regarding the legitimacy of his criminal proceeding, including his trial, may involve issues cognizable in habeas corpus as set forth in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (a petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement"). However, it would be improper for the court to dismiss his claims at the screening stage since *Heck* is an affirmative defense. *See Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir.1999).

## II. Motion to Appoint Counsel

Plaintiff has filed a motion asking the court to "appoint an attorney" because "future motions or filing [sic] will be complex and confusing," plaintiff has few resources to research his claim" and his inmate account has been frozen. Motion to Appoint at 1 (Docket No. 10.) Although civil litigants do not have a constitutional or statutory right to appointed counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The plaintiff has not demonstrated to the court that he has taken steps to secure counsel on his own or that such efforts were unsuccessful. To meet his threshold burden, plaintiff must provide the court with the names and addresses of private counsel he has contacted, along with copies of the letters he sent and received in response, or an affidavit outlining the steps he took to secure representation.

10

Further, plaintiff is encouraged to contact the Milwaukee Bar Association Lawyer Referral and Information Service (515 East Wells Street, Milwaukee, WI 53202, (414) 274-1901), or the State Bar of Wisconsin Attorney Information and Referral Service, ((608) 257-4666), in his efforts to obtain legal representation on a contingency basis. To provide a helpful overview of his claims, the court suggests that the plaintiff forward a copy of this order and the order of September 24, 2007, in any of his requests for representation. Accordingly, because plaintiff has not met his threshold burden, his motions for the "appointment" of counsel will be denied, without prejudice.

## ORDER

**IT IS ORDERED** that the stay imposed by order of September 24, 2007, be and hereby is **LIFTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file the proposed amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's claim for harassment or defamation under § 1983 and his claims against defendants Judge Konkol and ADA Areiff are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for the Appointment of Counsel (Docket No. 10) be and hereby is **DENIED**, **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of this order, the complaint, the summons and the September 24, 2007, order upon the

11

remaining defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the Superintendent of the Milwaukee County House of Corrections or his designee shall collect from the plaintiff's prison trust account the $334.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the Superintendent of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

12

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**